FILED IN CHAMBERS
U.S.D.C. Rome

MAY 16 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESTATE OF JOHNNY KELTON
ROBINSON,

      Plaintiff,

v.

COBB COUNTY GOVERNMENT, et
al.,

      Defendants.

CIVIL ACTION

NO. 1:04-CV-2365-RLV

O R D E R

This action arises from the suicide of a pretrial detainee while in the Cobb County Jail. By order dated April 9, 2007, this court dismissed the plaintiff's complaint for failure to comply with this court's previous order which had pointed out that the complaint was a "shotgun" pleading and which directed the plaintiff to amend and recast its complaint. Pending before the court is the plaintiff's motion for reconsideration [Doc. No. 107].

The plaintiff offers no reasons as to why it failed to comply with the specific directions set out in the court's May 4, 2005, order. Instead, the plaintiff simply seeks the court's indulgence to file another complaint and argues that the parties have suffered no legal prejudice as a result of its actions. The plaintiff also argues that dismissal is too harsh of a sanction, since there had been no prior warning.

The court recognizes that dismissal is a harsh sanction. However, in its May 4 order, the court gave specific instructions as to how the complaint should be amended and recast in order to meet the dictates of Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293 (11th Cir. 2002), and other Eleventh Circuit cases condemning shotgun pleadings. Despite the clear and unequivocal instructions given by the court, the plaintiff failed to comply with that order.

The plaintiff's inability to follow binding case law from the Eleventh Circuit and from the United States Supreme Court is found in the proposed amendment attached to its motion for reconsideration. Despite having been told that naming officials in their official capacity is unnecessary if the governmental entity itself has been named, see Kentucky v. Graham, 473 U.S. 159 (1985), the plaintiff still insists on naming the individual defendants in their individual and official capacities. Additionally, the complaint contains two counts: Count One is titled "Wrongful Death Pursuant to Georgia Tort Claims Act"; Count Two is titled "Action For Wrongful Death." Both of these claims are state law claims (and the appropriate Georgia code sections are cited), but paragraph 30 of the complaint then says, "Said violation of 42 USC 1983 subjects all Defendants jointly and

2

severally to Punitive Damages such that Defendants [sic] actions shocks [sic] the conscious [sic] of the reasonable man or [sic] the result of Defendants [sic] callous indifference to Johnny Kelton Robinson's medical condition." This is the only reference to section 1983 other than that found in paragraph 8, which states in relevant part, "Plaintiff invokes the jurisdiction of this Court pursuant to 28 USC §1334, as there exists a Federal Question; that is whether there exists a violation of 42 §1983 prohibiting cruel and unusual punishment."

Significantly, although Cobb County itself is sued, there is no allegation in the complaint that the death of Johnny Kelton Robinson was the result of a custom or policy of Cobb County. Such allegation is essential when the governmental entity is being sued for a violation of section 1983. See Kentucky v. Graham, supra. Additionally, as paragraph 30 states, the plaintiff is seeking punitive damages against Cobb County for violation of section 1983. However, punitive damages may not be recovered against the county. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748 (1981); Healy v. Town of Pembroke Park, 831 F.2d 989 (11th Cir.1987).

This court's determination that dismissal was an appropriate sanction for the plaintiff's blatant failure to comply with

3

specific directions is reinforced by the fact that the most recently proposed amended complaint is still deficient in many respects. After carefully considering the plaintiff's arguments, the court hereby DENIES the motion for reconsideration [Doc. No. 107].

SO ORDERED, this 16th day of May, 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge